IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MICKEY RAY TAYLOR

     Plaintiff,

v.                                     No. 20-cv-536 KG-KBM


CITY OF CARLSBAD, *et al*,

     Defendants.

ORDER DIRECTING AMENDMENT

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint.   (Doc. 1) (Complaint).   Also before the Court is his Motion for Expedited Service.   (Doc. 13).   Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*.   The Complaint raises excessive force claims against several John Doe officers in Carlsbad, New Mexico.   (Doc. 1) at 8.   Plaintiff alleges they handcuffed him in a manner that burned his wrist and caused nerve damage.   *Id.* at 3-4.   The officers purportedly continued to use a taser on Plaintiff while he was strapped down in the transport vehicle.   *Id.* at 7.   Plaintiff further alleges he had severe digestive pain for the following month.   *Id.* at 3.   It is unclear how the digestive issues relate to the arrest.

Plaintiff's allegations would normally survive initial review under 28 U.S.C. § 1915(e). However, the Court cannot order service yet because Plaintiff has not identified who was personally involved in the alleged wrongdoing.   *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).   In general, the onus [is] squarely on plaintiffs to track down the whereabouts of defendants" to "effectuate service, … even when the plaintiffs are in prison."   *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013).   The Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate

description of some kind which is sufficient to identify the person involved so process eventually

can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).   The Complaint does not

contain an adequate description that would allow the Court to identify the individual Defendants.

Plaintiff recently submitted a supplemental Arrest Report, which contains the names of

three officers.   (Doc. 14) at 3.   Because it is unclear whether all three officers were involved, the

Court will direct Plaintiff to file an amended complaint within thirty (30) days of entry of this

Order.   The amendment should name the officer-defendants and clarify how the digestive issues

are related to the excessive force claims.   The Court will also deny the Motion for Expedited

Service (Doc. 13) as premature and unnecessary.   Plaintiff is entitled to Court-supplied if he

timely amends by virtue of his *in forma pauperis* status.   *See* Fed. R. Civ. P. 4(c)(3) (Courts must

handle service "if the plaintiff is authorized to proceed in forma pauperis").   If Plaintiff fails to

timely file an amended complaint, the Court may dismiss this case without further notice.

IT IS ORDERED:

1.   Plaintiff's Motion for Expedited Summons (Doc. 13) is denied.

2.   Plaintiff shall file an amended complaint within (30) days of entry of this Order.

3.   The Clerk's Office shall mail Plaintiff a blank prisoner civil rights complaint.

UNITED STATES DISTRICT JUDGE