IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR

    Plaintiff,

v.                                            No. 20-cv-536 KG-KBM

CITY OF CARLSBAD, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Prisoner Civil Rights Complaint. (Doc. 20, supplemented by Doc. 21) (Amended Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. His original Complaint raised excessive force claims against John Doe officers in Carlsbad, New Mexico. (Doc. 1) at 8. Plaintiff alleges they handcuffed him in a manner that burned his wrist and caused nerve damage. *Id.* at 3-4. An officer purportedly continued to use a taser on Plaintiff while he was strapped down in the transport vehicle. *Id.* at 7. Plaintiff further alleges he had severe digestive pain for the following month. *Id.* at 3.

The Court reviewed the original Complaint and determined Plaintiff's allegations would normally survive initial review under 28 U.S.C. § 1915(e). (Doc. 16). However, the Court was unable to order service because the original Complaint did not identify any wrongdoers. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998); *Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("onus [is] squarely on plaintiffs to track down the whereabouts of defendants" to "effectuate service, ... even when the plaintiffs are in prison"). Plaintiff was directed to amend his Complaint to name the John Doe officer(s). The Court also gave Plaintiff the option to "use unnamed defendants so long as [he] provides an adequate description of some

kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

Plaintiff timely filed an Amended Complaint, along with a supplemental pleading. (Docs. 20, 21). The Amended Complaint names the "Artesia General Hospital, Doctors and Nurses Staff Generally" (the "Hospital Defendants"). (Doc. 20) at 2. Construed liberally, it also names the City of Carlsbad and the John Doe Carlsbad police officer who used the tazer. *Id.* Unlike the original pleading, the Amended Complaint contains a detailed description of the John Doe Officer. Plaintiff alleges the incident took place on February 3, 2019 between 6-7 p.m. at the Carlsbad Walmart. (Doc. 20) at 15. He describes the "tasing officer" as a while male with dark blonde or light brown wavy hair. *Id.* The officer was purportedly in his twenties or early thirties. *Id.* Plaintiff alleges a bystander posted a YouTube video of the incident, which went viral before it was removed. *Id.* at 16. This information, along with the police report, should allow for an eventual identification of the officer. Hence, the Court will order service on the City of Carlsbad and refer this case to the Magistrate Judge for further investigation.

As to the Hospital Defendants, the Amended Complaint fails to state a cognizable claim for relief under 28 U.S.C. § 1915(e). Plaintiff alleges they conspired with law enforcement to minimize his injuries and were deliberately indifferent to his medical needs. (Doc. 20) at 13, 20. However, Plaintiff admits he does not know which Hospital he visited. The supplemental pleading states "he is unsure of the name of the local general intake hospital that the police take individuals to that is located in Carlsbad, New Mexico." (Doc. 21) at 3. The Amended Complaint names the Artesia General Hospital as a placeholder, but that facility is not in Carlsbad. (Doc. 20) at 2; *see also* https://artesiageneral.com/ (listing an Artesia, New Mexico

address). Moreover, "section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. Of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). Plaintiff alleges the hospital he visited is "quite possibly a local government entity," which does not satisfy the pleading requirement. (Doc. 20) at 13; *see also Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. App'x 680, 685 (10th Cir. 2019) (affirming dismissal of Section 1983 claim against Presbyterian, which "did act under color of state law").

For these reasons, the Court will dismiss all claims against the Hospital Defendants without prejudice. If and when Plaintiff obtains enough information to proceed against those parties, he may submit a motion for leave to file another amended pleading. Plaintiff may also file a separate action against the Hospital Defendants in state court, if he learns they are not state actors and/or wishes to focus on malpractice.

IT IS ORDERED:

1. The Clerk's Office shall issue notice and waiver of service forms, with a copy of this Order and copies of the Amended Complaint and supplement thereto (Docs. 20, 21), to the City of Carlsbad.

2. The Clerk's Office shall mail the documents to the address listed in the Amended Complaint. (Doc. 20) at 2.

3. For efficiency, and to reduce the time spent on service issues, the Clerk's Office shall also mail a copy of the documents to the address listed on the City of Carlsbad website:

101 N. Halagueno
Carlsbad, NM 88221

4. All claims against "Artesia General Hospital, Doctors and Nurses Staff Generally" are dismissed without prejudice. Plaintiff may seek leave to amend his claims against those

Defendants within a reasonable time, and likely before the case proceeds to summary judgment.

_____
UNITED STATES DISTRICT JUDGE