IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR,

        Plaintiff,

v.                                                    CIV 20-0536 KG/KBM

CITY OF CARLSBAD and
TREY M. THOMPSON,

        Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on several pending motions that Presiding Judge Gonzales has referred to me for recommended dispositions in this pro se prisoner action brought pursuant to 42 U.S.C. § 1983. Because the motions present relatively straightforward issues, I will not set forth an elaborate explanation of the allegations in this case as it is unnecessary for resolution of the motions. Suffice it to say, Plaintiff Taylor alleges in his amended complaint that Officer Trey Thompson of the City of Carlsbad police department used excessive force when arresting him at a Walmart on February 3, 2019.

**The City of Carlsbad's Motion to Dismiss (*Doc. 28*)**

As the Defendant City of Carlsbad ("Defendant City") correctly notes, a municipality is only liable for "its own unconstitutional or illegal policies and not for the tortious acts of its employees." *Doc. 28* at 5 (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Plaintiff Taylor, in essence, acknowledges that his allegations fail to meet this requirement and "concurs" that *Monell v. Department of*

*Social Services*, 436 U.S. 690 (1978) and its progeny mandate the conclusion that he fails to state a viable claim against Defendant City. In his own words, Plaintiff "relinquishes the City from direct liability in his claims in the suit." *Doc. 32* at 1. As such, I recommend that all claims against Defendant City be dismissed.

**Plaintiff's Motion for Default Judgement** *(Doc. 30)*

On August 20, 2021, Judge Gonzales ordered the Clerk of the Court to send a waiver of service to Defendant City, and, according to a staff entry on the Court's docket, this was accomplished on August 23, 2021. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the deadline for filing a responsive pleading "if [the defendant] has timely waived service under Rule 4(d), [is] within 60 days after the request for a waiver was sent . . . ." Fed. R. Civ. P. 12(a)(1)(A)(ii). In his Order, Judge Gonzales noted that Plaintiff's "information, along with the police report, should allow for an eventual identification of the officer" who allegedly used excessive force. *Doc. 22* at 2. Of specific note, when the waiver of service was sent to Defendant City, the identity of the John Doe officer was yet to be determined.

Defendant City filed its waiver of service on September 9, 2021, and its responsive motion to dismiss on October 22, 2021. *Docs. 25; 28.* Plaintiff admits that these filings by Defendant City are timely. On the other hand, Plaintiff takes issue with the timeliness of the filings of the individual defendant in this matter. The waiver of service form returned by the John Doe officer defendant (now-identified as Trey Thompson) was filed with the Court on October 8, 2021, and his Answer was filed just 21 days later, on October 29, 2021. *Docs. 27; 29.*

As an initial matter, the Court and the parties all agree that Defendant Thompson's October 8, 2021 waiver of service form incorrectly indicates that the waiver was requested on December 7, 2021 – a clear impossibility. *See Doc. 27.* It is only logical that this date was intended to reflect the 60-day deadline for Defendant Thompson to file an answer from the date **_he_** had been identified and received Plaintiff's request to waive service (evidently October 7, 2021). I am therefore unconvinced by Plaintiff's argument that August 23, 2021, constitutes the triggering date for answer deadlines for both Defendant City and Defendant Thompson – surely one cannot be held to a deadline of which he is not yet reasonably aware. For these reasons, it is not at all clear that Defendant Thompson's Answer is untimely.

But even if Defendant Thompson's Answer could be considered untimely, other factors support the Court exercising its discretion to deny a default judgment: Defendant Thompson, in fact, answered and has denied liability; the Clerk has not filed an Entry of Default (a prerequisite for a default judgment); and Plaintiff seeks a substantial damages award in the amount of $2,500,000.00. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) ("Decisions to enter judgment by default are committed to the district court's sound discretion. . . ."). For all these reasons, I recommend that Plaintiff's Motion for Default (*Doc. 30*) and Request for Judgment on the Pleadings *(Doc. 44),* which is hereby construed as a second request for entry of default judgment, be denied.

Finally, given that this is a pro se prisoner case, I recommend that the discovery proceed with the entry of a *Martinez* Report and Defendants' ability to file a motion for summary judgment based upon that investigation, if appropriate. Plaintiff, of course,

would be given the opportunity to offer evidence and argument in response should a summary judgment motion be filed.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**