IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR, JR.,

      Plaintiff,

v.                                          1:20-cv-00536-DHU-JMR

CITY OF CARLSBAD, New Mexico;
TREY THOMPSON, City of Carlsbad Police
Officer; and ARTESIA GENERAL HOSPITAL,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on "Plaintiff's FRCP Rule 60 Motion Requesting Relief from Doc. 28, Doc. 32 and Magistrate[']s [R]ecommendation Concerning [D]efendant City of Carlsbad," filed on November 9, 2022 (Doc. 52). On March 14, 2023, United States District Judge David Urias referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 60. Having considered the motion, the relevant law, and the record in this case, I conclude that plaintiff's motion is not well taken, and I recommend that the Court deny it.

Plaintiff states that he requests relief "from his own oversight, mistake and previous omission." Doc. 52 at 1. Plaintiff, thus, seeks relief under Federal Rule of Civil Procedure 60(a), which states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." However, the broad relief plaintiff seeks is not available under Rule 60(a). Plaintiff does not ask the Court to "correct a clerical mistake or a mistake arising from oversight or

omission."  Instead, plaintiff attempts to raise a laundry list of new arguments and facts

supporting a claim of supervisory liability against the City of Carlsbad.  *See* Doc. 52.  Neither

the arguments nor the facts plaintiff includes in his motion were included in his operative

complaint, Doc. 20, or in his response to the City of Carlsbad's Rule 12(b)(6) Motion to

Dismiss Plaintiff's Amended Complaint (Doc. 28).  *See* Doc. 32.[1]  The Court cannot consider

new legal arguments and facts under Rule 60(a).  "An error qualifying for correction under

Rule 60(a) is quintessentially a ministerial one, never a substantively factual or legal one."

Steven Baicker–McKee & William M. Janssen, Federal Civil Rules Handbook, 1287

(30th ed. 2023).  "Rule 60(a) is not a perpetual right to apply different legal rules or different

factual analyses to a case.  It is only mindless and mechanistic mistakes, minor shifting of

facts, and no new additional legal perambulations which are reachable through Rule 60(a)."

*Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 505 (5th Cir. 1994).  Because plaintiff attempts

to raise new arguments and introduce new facts in his motion, I recommend that the Court

find his motion is not well-taken, and that the Court deny it with prejudice.

---

[1] To the extent that plaintiff was attempting to object to the magistrate judge's Proposed Findings
and Recommended Disposition ("PFRD") (Doc. 52), filed on January 27, 2022, his objections
are untimely.  Plaintiff had until February 10, 2022 (fourteen days from the date the PFRD was
filed) to file objections. *See* Doc. 46 at 4.  Indeed, plaintiff did file timely objections to the PFRD
(Doc. 48) on February 9, 2022, which this Court considered before adopting the PFRD.  *See*
Doc. 53.  To the extent that plaintiff attempts to raise additional objections with this motion, filed
on November 9, 2022, the objections are untimely and should not be considered.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.

Jennifer M. Rozzoni
United States Magistrate Judge