IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR, JR.,

      Plaintiff,

v.                                                    1:20-cv-00536-DHU-JMR

TREY THOMPSON, SERGEANT
CASTANEDA, CORPORAL COX,
SERGEANT GRIFFIN, SERGEANT
RICHARD, DIVISION CAPTAIN DOE,
CARLSBAD MEDICAL CENTER,
DOCTOR JOHN DOES 1 AND 2,

      Defendants.

## ORDER DENYING MOTION FOR CLARIFICATION

THIS MATTER comes before the Court on plaintiff's Motion for Clarification or Correction. Doc. 108. Therein, plaintiff requests that the Court correct the Clerk's Minutes from a hearing on July 31, 2023.[1] *See* Doc. 102. Defendants did not file a response.

Plaintiff requests that the Court make four corrections to the Clerk's Minutes. The Clerk's Minutes for the July 31, 2023, hearing is made up of timestamped paraphrases of the representations made at the hearing. Doc. 102. With the benefit of being able to listen to the recording, the Court finds that the Clerk's Minutes are accurate as filed. *See* Liberty: ABQ-MJ6thFloorSouth. Therefore, plaintiff's motion is DENIED.

**I.    The Clerk's minutes at 9:37 a.m. do not need to be corrected.**

First, plaintiff requests that the Court corrects the following statement: "9:37 Ms. Grant states that the defendant's position is that no officer deployed a taser when Mr. Taylor was in

---

[1] Plaintiff is a *pro se* litigant. As such, his filings are entitled to be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

transport to the hospital or to the jail." Doc. 102 at 2. Mr. Taylor argues that Ms. Grant only said

that no officer deployed a taser when transporting Mr. Taylor to the jail, not to the hospital. Doc.

108 at 1. Upon review of the recording, Mr. Taylor is mistaken. The Clerk's Minutes accurately

paraphrase the conversation.

| | |
|---|---|
| Court: | Who was the officer who escorted Mr. Taylor to the hospital? |
| Ms. Grant: | Officer Bryant Cox. |
| Court: | . . . Do we know whether, whether Officer Cox, um, he deployed his taser while . . . Mr. Taylor was being transported to the hospital? |
| Ms. Grant: | He did not engage his taser at any point during this incident. |
| Court: | Okay, I mean, I guess, similarly, whether a taser was deployed or engaged on the way transporting Mr. Taylor . . . to the jail from the hospital—do we know if that occurred? |
| Ms. Grant: | That did—that did not. The affidavits that we included with the *Martinez* report—Bryant Cox did not taser him. |

July 31, 2023, Recording 9:37:03-9:37:06 (Liberty: ABQ-MJ6thFloorSouth). The Clerk's

Minutes accurately paraphrase Ms. Grant's representation that Mr. Taylor was not tasered on the

way to the hospital. The Court is aware that Mr. Taylor disputes this factual assertion.

**II.     The Clerk's Minutes at 9:54 a.m. do not need to be corrected.**

Second, Mr. Taylor requests that the Court correct the following statement:

9:54 The Court asks what initial disclosures Ms. Grant still needs from Mr. Taylor.
Ms. Grant indicates that she does not have the information for Mr. Taylor's health
care providers. The Court instructs Mr. Taylor to review Federal Rule of Civil
Procedure 26(a)(1)(A). The Court further instructs Mr. Taylor to provide Ms. Grant
with a list of his health care providers from 2014 to present. The Court instructs
Ms. Grant to send Mr. Taylor a medical release so that the defendant can request
Mr. Taylor's medical records.

Doc. 102 at 3. Specifically, Mr. Taylor argues:

> The answer to this contention is: FRCP 26(b)(3), and in the event of no settlement and a trial on damages there isn't much mitigating on massive cardiac arrest[,] denied medical treatment[,] conspired to cover and conceal this level of reprehensible[,] sadistic[,] intentional electrocution[,] torture[,] and murder. However, obviously plaintiff will provide the Court and its officers anything needed but for the sake of living justice.

Doc. 108 at 1. It is unclear what correction Mr. Taylor would like the Court to make here.

Federal Rule of Civil Procedure 26(b)(3) is the rule stating that documents and tangible things prepared in anticipation of litigation, i.e. work products, are generally not discoverable. Rule 26(b)(3) does not excuse Mr. Taylor from disclosing his health care providers and other initial disclosures to defendants, as required by Rule 26(a)(1)(A). Mr. Taylor is reminded that such initial disclosures are already overdue, and he must provide a list of his healthcare providers to the defendants immediately. Nonetheless, the Clerk's Minutes at 9:54 a.m. are accurate.

### III.     The Clerk's Minutes at 9:59 a.m. do not need to be corrected.

Third, Mr. Taylor requests that the Court correct the following statement:

> 9:59 The Court questions whether the appropriate defendants have been named. Mr. Taylor states that he is not sure which officer allegedly tased him while in transport to the hospital. Mr. Taylor expresses that he wishes to file a motion to amend the complaint naming new defendants.

Doc. 102 at 3. Mr. Taylor states that, "It's never been said with any real substance otherwise, that [Corporal Thompson] is not the one [who tased Mr. Taylor]." Doc. 108 at 2. Upon review of the recording, the Court the paraphrase contained in the Clerk's minutes is accurate.

| | |
|---|---|
| Court: | Frankly, it's not clear to me that Corporal Thompson is the correct defendant if in fact it was Officer Cox—although, he may be. Forgive me for not knowing this off the top of my head, but Mr. Taylor are you alleging that you were tased on the way to the hospital or on the way to the jail? |
| Mr. Taylor: | On the way to the hospital. |

3

| | |
|---|---|
| Court: | Okay and so, as I understand it, the officer who accompanied you to the hospital was Officer Bryant Cox. Was that right? |
| Mr. Taylor: | Well, there was the driver, and I really—given the space of mind that I was in by the time I got into the transport vehicle, it's still hazy and it's uh, it's uh, y'know, a mental block thing. But— |
| Court: | Uh-huh. |
| Mr. Taylor: | There was probably obviously a driver, and there was probably—I mean, probably he was sitting right here to my left, tasing me through my handcuffs, making it all the way, all the way to death. So, my thing is, to amend this complaint, the guy who had his knee on my neck and my lungs and everything, Thompson, the kneeing officer, the driving officer, the transport officer. The transport officer had to hear that taser going off on me that, that long. Y'know? Because tasers make a sound. So, I think all three of those need to be held liable. |
| Court: | . . . It sounds like you have to, you need to do a little bit of discovery to figure out the names of officers and people that you would want to amend. |

July 31, 2023, Recording 9:59:20-10:01:17 (Liberty: ABQ-MJ6thFloorSouth).

At the conference, Mr. Taylor expressed confusion as to who was the officer who tased him. Therefore, the Clerk's Minutes at 9:59 a.m. are accurate.

## IV.    The Clerk's Minutes at 10:09 a.m. do not need to be corrected.

Fourth, Mr. Taylor requests that the Court correct the following statement: "10:09 Ms. Grant informs the Court that the defendant plans to file a motion for summary judgment in the next month or two. Ms. Grant also states that she will be filing a motion to stay the case at the same time." Doc. 102 at 3. Mr. Taylor argues that "Ms. Grant mentioned a week or two not a month or two." Doc. 108 at 2. At the hearing, Ms. Grant said, "I would guess that within the next month or two we are going to be filing a motion for qualified immunity." July 31, 2023, Recording 10:09:06-10:09:11 (Liberty: ABQ-MJ6thFloorSouth). As such, the Clerk's minutes at 10:09 a.m. are accurate.

4

Mr. Taylor's four requested changes to the minutes are not accurate reflections of what was said during the July 31, 2023, hearing. As such, the Court DENIES Mr. Taylor's Motion for Clarification or Correction (Doc. 108).

JENNIFER M. ROZZONI
United States Magistrate Judge