IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR, JR.,

    Plaintiff,

v.                                                                             1:20-cv-00536-DHU-JMR

TREY THOMPSON, SERGEANT
CASTANEDA, CORPORAL COX,
SERGEANT GRIFFIN, SERGEANT
RICHARD, DIVISION CAPTAIN DOE,
CITY OF CARLSBAD, CARLSBAD
MEDICAL CENTER, DOCTOR KELLY
GLENN, and DOCTOR CAMILLE DOAN,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant Carlsbad Medical Center's (CMC's) Motion for Summary Judgment, filed on January 24, 2024. Doc. 197. Plaintiff Mickey Ray Taylor, Jr. filed a response. Doc. 220. His response incorporates another document titled "Plaintiff's Reply to Defendant Carlsbad Medical Center Hospital[']s Answer" (Doc. 150). Doc. 220 at 2. CMC filed a reply. Doc. 225. The Honorable District Judge David H. Urias referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 60. Having reviewed the parties' submissions and the relevant law, I recommend that the Court GRANT CMC's Motion for Summary Judgment (Doc. 197) and dismiss all claims against CMC with prejudice.

I. **Undisputed Material Facts**[1]

Plaintiff Mickey Ray Taylor, Jr. is an incarcerated, *pro se* litigant. *See* Doc. 109. On June 3, 2020, Mr. Taylor initiated this lawsuit against two unnamed law enforcement officers and the City of Carlsbad, New Mexico. UMF 1[2]; *see also* Doc. 1. On May 27, 2021, Mr. Taylor amended his complaint, adding Artesia General Hospital as a defendant. UMF 2; *see also* Doc. 20. On August 20, 2021, the Court dismissed the claims against Artesia General Hospital without prejudice. Doc. 22; *see* 28 U.S.C. § 1915(e)(2)(B)(ii). On August 11, 2023, Mr. Taylor again amended his complaint, adding CMC as a defendant. UMF 3; *see also* Doc. 109.

Mr. Taylor was involved in a physical altercation with several Carlsbad law enforcement officers on February 3, 2019. Doc. 109 at 2–10. The officers arrested Mr. Taylor. *Id.* at 5–7. Upon arrest, the officers took Mr. Taylor to CMC for medical treatment. *Id.* at 5–6; *see also* Doc. 125 at 9–33 (Mr. Taylor's CMC medical records from February 3, 2019). The physicians[3] at

---

[1] For undisputed facts noted in the CMC's Motion for Summary Judgment, I cite to the Undisputed Material Fact ("UMF") section of CMC's motion. Doc. 197 at 2–4. Mr. Taylor claims that he "cannot decipher" the UMF section of CMC's motion. Doc. 220 at 2. Therefore, Mr. Taylor does not indicate whether he disputes any of CMC's material facts. *See* D.N.M.LR-Civ. 56.1(b). However, it is clear from the complaint and the record that plaintiff does not dispute any of the material facts noted in CMC's UMF section.

For all other material facts, I defer to Mr. Taylor's complaint and the record. *See* FED. R. CIV. P. 56 (c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). All justifiable inferences are drawn in Mr. Taylor's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[2] CMC's UMF section states that the original complaint named the Carlsbad Police Department. UMF 1. The original complaint actually named the City of Carlsbad. Doc. 1. The difference is immaterial to this motion.

[3] The merits of Mr. Taylor's claims against the physicians will be addressed in a forthcoming order on Dr. Kelly Glenn's and Dr. Camille Doan's Motion to Dismiss. *See* Doc. 201.

CMC diagnosed and treated Mr. Taylor for rhabdomyolysis due to methamphetamine use and overexertion. Doc. 125 at 18–20.[4] All of Mr. Taylor's claims against CMC arise from the medical care provided on February 3, 2019.[5] UMF 6; *see also* Doc. 109 at 5–7.

## II.    Mr. Taylor's Operative Complaint

Mr. Taylor asserts two claims against CMC in his second amended complaint. Doc. 109 at 5–7 (Claim Four and Claim Six). In Claim Four, Mr. Taylor asserts a claim for:

> Conspiracy/Civil Conspiracy to violate my fourth amendment and due process rights under the U.S. Constitution or to cover up official misconduct that clearly violates my rights, fraudulent concealment, medical malpractice gatekeeper liability, deliberate indifference to medical needs under 42 U.S.C. § 1983.

Doc. 109 at 5.[6] In Claim Six, Mr. Taylor asserts a:

> Stand alone claim aside from the conspiracy involvement of the Carlsbad Medical Center Hospital and the one (or two) doctor(s) violation of my right to due process under 42 U.S.C. § 1983's deliberate indifference to my known medical needs, fraudulent concealment to cover up conspiracy and official misconduct, medical malpractice in association with, the receiving doctors liability looking forward to

---

[4] Neither party disputes that Mr. Taylor was under the influence of methamphetamines and was treated for rhabdomyolysis. Nor is there reason to believe that plaintiff's medical records are inaccurate. Although, plaintiff argues that his medical records are incomplete as they do not reflect many of his alleged injuries, such as a hole in his wrist, burned skin, or dying and coming back to life. *See, e.g.*, Doc. 150 at 7.

[5] CMC served Mr. Taylor with requests for admission on November 21, 2023, asking plaintiff to admit the date his claims arose. UMF 8. Plaintiff did not respond until February 11, 2024—after CMC's motion for summary judgment was filed. Doc. 223. The Court does not know how he responded.

Federal Rule of Civil Procedure 36(a)(3) states, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party." FED. R. CIV. P. 36(a)(3). Therefore, the date that plaintiff's claims arose is "deemed admitted." Regardless, plaintiff also admits the date of the incident in his complaint. Doc. 10 at 5–7.

[6] When quoting Mr. Taylor, I do not correct or note any grammar, syntax, or spelling errors to avoid inadvertently changing Mr. Taylor's meaning.

3

>provide additional care, the releasing doctor's gatekeeper liability to obviously known medical care needs now looking back.

*Id.* at 7.

In support of these claims, Mr. Taylor alleges that the defendant officers "knowingly conspired to attempt to covertly kill" him. *Id.* at 5. He states that he was "tased to death" while handcuffed on the way to the hospital. *Id.* at 7. Mr. Taylor further alleges:

>[The officers'] murder conspiracy machine extends to the local hospital, who, seen my death, wrist burn, my res[]uscitation without giving me proper treatment as I was immediately released full-well knowing I needed more treatment after cardiac arrest and death long enough to soil my clothes but not quite long enough to give me brain damage deprived of oxygen for however long. Hospital and receiving doctor and or releasing doctor if its not one in the same person, is liable for its-their association with the local police force and Trey Thompson and Cox for clearly providing-establishing its-their showing of actual deliberate indifference to my known medical needs that even any layman or even a child or an incompetent could see and know that I needed for more treatment.

*Id.* at 5–6. In other words, Mr. Taylor alleges that CMC is liable for releasing him to "murderous police officer[s]," while he still required medical treatment. *Id.* at 7.

Mr. Taylor's two claims against CMC overlap significantly. Reading the complaint liberally, I find that Mr. Taylor alleges three causes of action against CMC: (1) medical malpractice, (2) deprivation of civil rights under 42 U.S.C. § 1983, and (3) civil conspiracy. Mr. Taylor's § 1983 cause of action encompasses all his alleged constitutional violations, including a Fourth Amendment violation, due process violation, and deliberate indifference to his medical needs, which is a reference to the legal standard for certain Eighth Amendment violations.

### III.    Legal Standard

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if under the substantive law it could affect the outcome of a lawsuit,

and an issue is "genuine" if a rational juror could find in favor of the nonmoving party on the evidence presented. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citations and quotations omitted). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "[T]he movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. The non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the non-movant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (quotation omitted).

At the summary judgment stage, the Court must view the facts and draw all reasonable inferences in the light most favorable to the non-movant. *Scott v. Harris*, 550 U.S. 372, 378

(2007). The Court's function "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* Summary judgment may be granted where "the evidence is merely colorable, or is not significantly probative." *Id*. at 249–50 (citations omitted).

Finally, pleadings by *pro se* litigants are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. . . ." *Id.* Still, a court may not "assume the role of advocate for the *pro se* litigant." *Id.*

## IV. Discussion

Mr. Taylor asserts three causes of action against CMC: (1) medical malpractice, (2) deprivation of civil rights under 42 U.S.C. § 1983, and (3) civil conspiracy. *See supra* Section II. CMC argues that the medical malpractice and § 1983 claims are barred by the statute of limitations. Doc. 197 at 6–8. In response, Mr. Taylor argues that his claims relate back to both his original complaint and his first amended complaint. Doc. 220 at 2. Alternatively, Mr. Taylor argues that the statute of limitations was tolled because of fraudulent concealment. *Id.* at 3.[7] I agree with CMC that Mr. Taylor's medical malpractice and § 1983 claims are untimely. While

---

[7] Mr. Taylor also notes that "CMC has not conferred with plaintiff" to determine whether the motion for summary judgment is opposed. Doc. 220 at 1. But, under Local Rule 7.1(a), "[i]n *pro se* inmate cases, [the] movant need not determine whether the motion is opposed." D.N.M.LR-Civ. 7.1(a).

CMC does not mention the civil conspiracy claim, Mr. Taylor plainly fails to state a civil conspiracy claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, I recommend that the Court grant summary judgment on all of Mr. Taylor's claims against CMC.

### A. Mr. Taylor's medical malpractice and § 1983 claims are barred by the statute of limitations.

CMC argues that Mr. Taylor's medical malpractice and § 1983 claims are barred by the statute of limitations. Doc. 197 at 6–8. In response, Mr. Taylor argues that his claims relate back to the original and first amended complaint. Doc. 220 at 2. Alternatively, Mr. Taylor argues that the statute of limitations is tolled because of fraudulent concealment. *Id.* at 3. Without deciding whether Mr. Taylor may assert a § 1983 claim against CMC, I agree with CMC that Mr. Taylor's medical malpractice and § 1983 claims are untimely. The claims do not relate back, and the limitations period was not tolled by fraudulent concealment.

#### i. Mr. Taylor's medical malpractice and § 1983 claims are facially barred by the statute of limitations.

CMC argues, and I agree, that Mr. Taylor's medical malpractice and § 1983 claims are facially barred by three-year statute of limitations for both claims.

New Mexico statute § 41-5-13 provides that "[n]o claim for malpractice arising out of an act of malpractice . . . may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred." N.M. Stat. Ann. § 41-5-13. "[H]ealth care provider" includes an "organization, facility or institution licensed or certified by this state to provide health care or professional services as a . . . hospital." N.M. Stat. Ann. § 41-5-3(D).

United States Code 42 U.S.C. § 1983 provides a legal basis for filing a lawsuit against someone who, acting under the color of law, deprives another person of his federal civil rights. 42 U.S.C. § 1983. There is no uniform federal statute of limitations for § 1983 claims. "Instead, a

federal court looks to the law of the forum state to determine the applicable statute of limitations for a § 1983 action. Typically, this entails looking toward the state statute of limitations for personal injury claims." *Herrera v. City of Espanola*, 32 F.4th 980, 989 (10th Cir. 2022) (citations omitted). The New Mexico statute of limitations for personal injury claims is three years. N.M. Stat. Ann. § 37-1-8; *see also Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."); *see also* Doc. 220 at 2 (Mr. Taylor conceding that the applicable statute of limitations is three years).

Here, both Mr. Taylor's medical malpractice and § 1983 claims against CMC are barred by the statute of limitations. *See* N.M. Stat. Ann. §§ 41-5-13, 37-1-8. Mr. Taylor alleges that he was injured and inappropriately released from the CMC on February 3, 2019.[8] UMF 6. Therefore, the statute of limitations for his medical malpractice and § 1983 claims expired three years later, on February 3, 2022. Mr. Taylor, however, did not move to amend his complaint to add the claim against CMC, until August 11, 2023. UMF 3; Doc. 109; *see also Snow v. Warren Power & Machinery*, 2015-NMSC-026, ¶ 33, 354 P.3d 1285, 1292 (amended complaint is deemed filed, for statute of limitations purposes, on the date plaintiff filed the motion to amend). As such, Mr. Taylor's medical malpractice and § 1983 claims were more than a year and a half late.

Mr. Taylor argues that a "statute of limitations defense is not a proper argument for summary judgment and is more properly applied as a Rule 12 motion." Doc. 220 at 2. Mr. Taylor

---

[8] Mr. Taylor was also treated at CMC on February 4th and 5th of 2019. *See* Doc. 125. He does not complain of his treatment on those dates.

8

is correct that CMC could have raised the statute of limitations defense in a motion to dismiss. *See* FED. R. CIV. P. 12(b)(6). However, a defendant may also raise a statute of limitations defense in a motion for summary judgment. *See Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997) ("A defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law.").

Unless an exception applies, Mr. Taylor's medical malpractice and § 1983 claims against CMC are barred by the statute of limitations. As discussed in the following two sections, no exceptions apply.

### ii. Mr. Taylor's claims against CMC do not relate back to his original or first amended complaint.

Mr. Taylor argues that his claims relate back to his original or first amended complaint. Doc. 220 at 2; *see also* Doc. 1 (filed June 3, 2020); Doc. 20 (filed May 27, 2021). CMC responds that the claims do not relate back because the requirements of Federal Rule of Civil Procedure 15(c) are not met. Doc. 225 at 3–5. I agree with CMC.

In some circumstances, an amended complaint can "relate back" to the date the original complaint was filed. FED. R. CIV. P. 15(c).[9] For an amended complaint to relate back, the amended claim must have "arose out of the conduct, transaction, or occurrence set forth or

---

[9] When a federal court is applying state law, there is some confusion as to whether federal or state rules for relation back apply. *See, e.g.*, *Dale K. Barker Co. v. Valley Plaza*, 541 F. App'x 810, 814 (10th Cir. 2013) (unpublished) (citation and quotation omitted) ("there may be considerable uncertainty whether a federal court sitting in diversity jurisdiction is free to apply the relation-back principle embodied in Rule 15(c) instead of a conflicting state rule on the subject,"); *Lamenda v. Bd. of Cnty. Comm'r for Cnty. of Taos*, No. Civ. 18-0163 KBM/SCY, 2019 WL 2371714, at *3 (D.N.M. June 5, 2019). The distinction between state and federal law is immaterial here. As the rules apply to Mr. Taylor's case, Federal Rule of Civil Procedure 15(c) and New Mexico Rule 1-015(C) use the same standards. *But see Lamenda*, 2019 WL 2371714, at *4 (noting a difference between Rule 15(c) and Rule 1-015(C) that is not relevant here).

9

attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Further, Rule 15(c)(1)(C) requires that,

> the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C).

Here, Mr. Taylor's claims against CMC do not relate back to his original complaint. *See* FED. R. CIV. P. 15(c). CMC asserts, and I agree, that the second amended complaint does not involve the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," as to CMC. Doc. 225 at 4 (quoting FED. R. CIV. P. 15(c)(1)(B)). The original complaint in this action was an excessive force claim against law enforcement officers and the City of Carlsbad. Doc. 1 (filed June 3, 2020). While Mr. Taylor argues that his claim against CMC relates back to the original complaint, the original complaint did not mention CMC or any hospital, explicitly or implicitly. *See id.*; *see also* Doc. 220 at 2. CMC had no reason to know that the action, as described in the original complaint, "would have been brought against it." *See* FED. R. CIV. P. 15(c)(1)(C)(ii). Nor did it have "notice of the action." *See* FED. R. CIV. P. 15(c)(1)(C)(i). As such, Mr. Taylor's claims against CMC do not relate back to the original complaint.

Mr. Taylor's claims against CMC also do not relate back to his first amended complaint. *See* FED. R. CIV. P. 15(c). Mr. Taylor's first amended complaint added "Artesia General Hospital" as a defendant. Doc. 20 (filed May 27, 2021). The Court dismissed Artesia General Hospital from this suit because Mr. Taylor failed to state a cognizable claim against it and there

is no such hospital in Carlsbad, New Mexico. Doc. 22 (filed August 20, 2021). In the order dismissing Artesia General Hospital, the Court stated that Mr. Taylor "may seek leave to amend his claims against [the hospital] within a reasonable time." *Id.* at 3–4. Mr. Taylor did not do so until August 11, 2023, almost two years later—a year and half after the limitations period lapsed. *See* Doc. 109. Assuming that Mr. Taylor intended to name CMC, not Artesia General Hospital, in his first amended complaint, there is no indication that CMC received "notice of the action" prior to being served with the second amended complaint. *See* FED. R. CIV. P. 15(c)(1)(C)(i). Nor is there any indication that CMC "knew or should have known that the action would have been brought against it." *See* FED. R. CIV. P. 15(c)(1)(C)(ii). As such, Mr. Taylor's claims against CMC do not relate back to the first amended complaint.

Because the requirements of Rule 15(c) are not met, Mr. Taylor's claims against CMC do not relate back to the original or first amended complaint.

### iii. The statute of limitations for Mr. Taylor's claims against CMC are not tolled by fraudulent concealment.

Mr. Taylor argues that the statute of limitations for his claims against CMC are tolled because of the doctrine of fraudulent concealment. Doc. 220 at 3. CMC responds that plaintiff fails to set forth facts to support a fraudulent concealment claim. Doc. 225 at 5–6. I agree with CMC.

Under New Mexico common law, "fraudulent concealment of a cause of action by the defendant will toll the statute of limitations." *Estate of Brice v. Toyota Motor Corp.*, 2016-NMSC-018, ¶ 8, 373 P.3d 977, 980. In other words,

> where a party against whom a cause of action accrues prevents the one entitled to bring the cause from obtaining knowledge thereof by fraudulent concealment, or where the cause is known to the injuring party, but is of such character as to conceal itself from the injured party, the statutory limitation on the time for bringing the

> action will not begin to run until the right of action is discovered, or, by the exercise of ordinary diligence, could have been discovered.

*Kern by and through Kern v. St. Joseph Hosp., Inc.*, 1985-NMSC-031, ¶ 11, 102 N.M. 452, 459, 697 P.2d 135, 142 (citation omitted). To toll the statute of limitations under fraudulent concealment against a hospital, plaintiff must show

> (1) that the physician knew of the alleged wrongful act and concealed it from the patient or had material information pertinent to its discovery which he failed to disclose *and* (2) that the patient did not know, or could not have known through the exercise of reasonable diligence, of his cause of action within the statutory period.

*Id.* at ¶ 12.

Here, the statute of limitations is not tolled by fraudulent concealment. While Mr. Taylor raises fraudulent concealment, he does not assert that he recently discovered the alleged conspiracy between CMC and law enforcement. *See Kern*, 1985-NMSC-031, ¶ 12. Nor does this Court have reason to believe this information was recently discovered. Mr. Taylor also does not claim that CMC knew of any "alleged wrongful act and concealed it from the patient." *See id.* On the contrary, Mr. Taylor alleges that CMC knew that the law enforcement officers were dangerous and knew that he needed more medical treatment. Doc. 109 at 5–7. Neither of these presumed facts were hidden from Mr. Taylor on February 3, 2019, or throughout the statutory period. *See Kern*, 1985-NMSC-031, ¶ 12. Further, as CMC points out, Mr. Taylor's fraudulent concealment argument is at odds with his argument that his claims against CMC "were set out in the original complaint and in the first amended complaint." Doc. 220 at 4; *see also* Doc. 225 at 6. Mr. Taylor fails to establish that the statute of limitations for his claims against CMC should be tolled because of fraudulent concealment.

Mr. Taylor's medical malpractice and § 1983 claims neither relate back nor were they fraudulently concealed; therefore, the two claims are barred by the statute of limitations.

### B. Mr. Taylor's civil conspiracy claim fails to state a claim on which relief can be granted.

Mr. Taylor accuses CMC of conspiring with law enforcement to hide the abuse he endured at the officers' hands. Doc. 109 at 5–7. As Mr. Taylor's complaint is not a model of clarity and the claim plainly fails on its face, I do not fault CMC for not specifically addressing the civil conspiracy claim. Instead, CMC generally argues that it is "entitled to judgment as a matter of law on all of Plaintiff's claims." Doc. 197 at 8. I find that Mr. Taylor's civil conspiracy claim fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

"Unlike a conspiracy in the criminal context, a civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability unless a civil action in damages would lie against one of the conspirators." *Ettenson v. Burke*, 2001-NMCA-003, ¶ 12, 130 N.M. 67, 72, 17 P.3d 440, 445 (citation and quotation omitted). "The purpose of a civil conspiracy claim is to impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." *Id.* (citation omitted). Therefore, "a conspiracy claim fails as a matter of law when no actionable civil case exists against the defendants." *Vigil v. Pub. Serv. Co. of New Mexico*, 2004-NMCA-085, ¶ 20, 136 N.M. 70, 74, 94 P.3d 813, 817.

Here, Mr. Taylor's civil conspiracy claim fails because "no actionable civil case exists against the defendants." *See id.* As discussed above, Mr. Taylor alleges both medical malpractice and § 1983 claims against CMC. However, both claims are untimely. *See supra* Section IV.A. A conspiracy without an actionable wrongful act is not actionable itself. *See Ettenson*, 2001-NMCA-003, ¶ 12. Because both of the wrongful acts Mr. Taylor alleges are not actionable, Mr.

13

Taylor's civil conspiracy claim against CMC fails as a matter of law.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (2002). Here, it would be futile to allow Mr. Taylor to amend his civil conspiracy claim because it is obvious that the underlying wrongful acts are not actionable. Additionally, Mr. Taylor has already been given three opportunities to amend his complaint, and this case has been litigated for almost four years. Dismissal of the civil conspiracy claim against CMC is appropriate.

## V. Recommendation

Mr. Taylor asserts three claims against CMC: medical malpractice, deprivation of rights under § 1983, and civil conspiracy. The first two claims are barred by the statute of limitations. *Supra* Section IV.A. The third claim fails to state a claim for which relief can be granted. *Supra* Section IV.B. I therefore recommend that the Court grant CMC's Motion for Summary Judgment (Doc. 197) and dismiss all claims against CMC with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.*  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge