UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**MICKEY RAY TAYLOR, JR.,**

> **Plaintiff,**

**v.**                                                    **Case 1:20-cv-00536-DHU-JMR**

**TREY THOMPSON, SERGEANT CASTENADA,
CORPORAL COX, SERGEANT GRIFFIN, SERGEANT
RICHARD, DIVISION CAPTAIN DOE,
CARLSBAD MEDICAL CENTER, DOCTOR KELLY
GLENN, and DOCTOR CAMILLE DOAN**

> **Defendants.**

## MOTION TO DISMISS FILED BY DEFENDANTS
## DR. KELLY GLENN AND DR. CAMILLE DOAN

COME NOW Defendants Dr. Kelly Glenn ("Dr. Glenn") and Dr. Camille Doan ("Dr. Doan, and together with Dr. Glenn, the "Moving Defendants"), by and through their attorneys, Atwood, Malone, Turner & Sabin, P.A. (Carla Neusch Williams) and, pursuant to Fed. R. Civ. Pro. 12(b)(6), hereby move to dismiss Plaintiff's Amended Complaint against them, and as grounds therefore, state:

### I.
### INTRODUCTION

Plaintiff filed his *Amended Complaint/Supplemental Complaint and Motion for Leave to Amend or Otherwise Supplement Additional Claims and Defendants* naming Carlsbad Medical Center and "John Doe receiving Doctor; John Doe Releasing Doctor if not same as receiving Doctor" for the first time on August 11, 2023. [DOC 109]. On September 30, 2023, this Court entered an Order Granting Plaintiff's Motion to Amend Complaint.  [DOC 116].  On October 20,

1

2023, Plaintiff requested that John Doe Doctor #1 be replaced with Dr. Glenn and John Doe Doctor #2 be replaced with Dr. Doan.  [DOC 133].  On December 4, 2023, this Court granted Plaintiff's request to update the case captions with Dr. Glenn and Dr. Doan.  [DOC 162].  According to the Amended Complaint, the alleged medical malpractice/conspiracy occurred on February 3, 2019, during an emergency room visit.  [DOC 109].  In New Mexico, for medical negligence claims against a healthcare provider not covered by the Medical Malpractice Act, there is a three year-statute of limitations from the alleged injury or discovery of that injury.  As more than three years lapsed between the February 3, 2019, emergency room visit and Plaintiff's Amended Complaint [August 11, 2023], Plaintiff's identification of John Does [October 20, 2023], and the Court's grant of substitution of the Moving Defendants for John Does [December 4, 2023], this Court should dismiss Plaintiff's claims against the Moving Defendants, with prejudice.  Alternatively, Plaintiff's Amended Complaint against the Moving Defendants should be dismissed for failure to state a claim.

**II.**
**STANDARD OF REVIEW UNDER 12(B)(6)**

To overcome a Motion to Dismiss, Plaintiff's Amended Complaint must allege sufficient facts so that relief is plausible on its face.  *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  In considering Defendants' Motion, the Court must assume as true all well-pleaded facts and must draw all reasonable inferences in Plaintiff's favor.  *See Park Univ. Enters., Inc. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006).  Plaintiff's Amended Complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009).  As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007).  Conclusory allegations are not "well-pleaded,"

and thus are not taken as true for purposes of a Motion to Dismiss. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Twombly* specifically warned against "wholly conclusory statement[s]," *Twombly* at 1966-67. As the Tenth Circuit explained, "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." 519 F.3d at 1248.

### III.
### SUMMARY OF RELEVANT TIMES AND ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT MATERIAL TO MOTION TO DISMISS

1.      Plaintiff filed his *Amended Complaint/Supplemental Complaint and Motion for Leave to Amend or Otherwise Supplement Additional Claims and Defendants* naming Carlsbad Medical Center and "John Doe receiving Doctor; John Doe Releasing Doctor if not same as receiving Doctor" for the first time on August 11, 2023. [DOC 109].

2.      On September 30, 2023, this Court entered an Order Granting Plaintiff's Motion to Amend Complaint. [DOC 116].

3.      On October 20, 2023, Plaintiff requested that John Doe Doctor #1 be replaced with Dr. Glenn and John Doe Doctor #2 be replaced with Dr. Doan. [DOC 133].

4.      On December 4, 2023, this Court granted Plaintiff's request to update the case captions with Dr. Glenn and Dr. Doan. [DOC 162].

5.      All of Plaintiff's alleged claims against the Moving Defendants arise from an alleged emergency room visit that occurred on February 3, 2019. [DOC 109, page 5].

6.      Plaintiff alleges no specific allegations against the Moving Defendants. [DOC 109, pages 5-6]. Rather, Plaintiff alleges the following:

> Clearly Culpable Thompson and Cox's Murder Conspiracy
> Machine extends to the local Hospital, who, seen by death, wrist

3

burn, my resuscitation Without giving me proper treatment as I was immediately released full-well knowing I needed more treatment after Cardiac arrest and death long enough to soil my clothes but not quite long enough to give me brain damage of oxygen for however long.  Hospital and receiving doctor and or releasing doctor if its not one in the same person, is liable for its—their association with the local policy force and Trey Thompson and Cox for clearly providing—establish its- their showing of actual deliberate indifference to my known medical needs that even any layman or even a child or an incompetent could see and know that I needed for more treatment.  I suffered agonizing torture and pain for months, I couldn't digest properly, changed by whole life, shortened my life, because the Hospital and its resuscitations and shot-callers would rather Conspire with Murders who Kill people in their Mental episodes, mental health episodes or otherwise midlife crisis, to kick them out of the Hospitals (also from being out of state 9from) and not a local) together with assisting to cover up official misconduct.  This evilneeds to be purged from the land.  The Vig is up, officials liability is clear here, and I cant just let this past its just too much.  I appreciate saving my life and all, but it seems it was only to protect Murderous police officers who conspire to kill, and, not because yall were looking out for my health, safety and general well being, Much less to intervene and call out what had happened.

*[DOC 109, pages 56].*

## IV.
## ARGUMENT AND AUTHORITIES

### A.
### The Moving Defendants are entitled to dismissal of Plaintiff's Complaint as barred by the applicable statute of limitations for personal injury.

"The statute of limitations for personal injury is applicable to malpractice claims against a nonqualified health care provider." *Roberts v. Sw. Cmty. Health Services*, 1992-NMSC-042, ¶ 9, 114 N.M. The statute of limitations for claims against a nonqualified health care provider is governed by NMSA 1978, § 37-1-8 (1976) (providing that actions must be brought "for an injury to the person or reputation of any person, within three years"). *Romero v. Lovelace Health Sys., Inc.,* 2020-NMSC-001, ¶ 14.  The date Plaintiff discovered the alleged injury was on February 3, 2019 during the subject emergency room visit.  [DOC 109, pages 5-6]. The Moving Defendants were added to this lawsuit

more than three years after the subject emergency room visit.  [DOC 109, DOC 133 and DOC 162].

Accordingly, this Court should dismiss Plaintiff's claims against the Moving Defendants, with

prejudice.

**B.**
**The Moving Defendants are entitled to summary judgment on Plaintiff's claim for medical negligence for failure to state a claim.**

"[T]he burden rests on the plaintiff to provide fair notice of the grounds for the claims made

against each of the defendants."  *Robbins v. Williams,* 519 F.3d 142, 1250 (10th Cir. 2008);

*Walker v. Mohiuddin,* 947 F.3d 1244, 1250 (10th Cir. 2020) (dismissing complaint against

defendant who was "barely mentioned in the complaint" and instead, was "merely lump[ed]. . . in

with fifteen other medical professionals under the generic label 'defendants' or 'Corizon

healthcare providers'"); *see e.g. Jones v. Lehmkuhl,* No. 11-CV-02384-WYD-CBS, 2013 U.S.

Dist. LEXIS 139229, *80 (D. Colo. Apr. 16, 2013) (dismissing common law trespass claim where

complaint did "not differentiate among the various defendants or attribute specific conduct to a

particular defendant" and thus, did not contain sufficiently "particularized facts").

In this case, while Plaintiff alleges that providers saved his life while at the same time

stating that he needed more treatment, Plaintiff's Amended Complaint does not with particularity

identify any negligent acts or omissions specifically committed by the Moving Defendants.  The

failure to do so demands dismissal of Plaintiff's Amended Complaint against the Moving

Defendants. *Id*.

**C.**
**Plaintiff's Complaint fails to state a cause of action for civil conspiracy against the Moving Defendants.**

The elements of a civil conspiracy claim are (1) that a conspiracy between two or more

individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to

the conspiracy; and (3) that the plaintiff was damaged as a result of such acts. *Ettenson v. Burke,* 130 N.M. 67, 72, 2001-NMCA-003, ¶12, 17 P.3d 440.  Again, Plaintiff not only fails to allege with particularity that the Moving Defendants actually participated in any conspiracy, but Plaintiff fails to identify any specific wrongful acts carried out by the Moving Defendants.  Rather, Plaintiff simply lumps all healthcare providers together and claims that a conspiracy existed.  This is insufficient and requires dismissal of Plaintiff's Amended Complaint against the Moving Defendants.  *Robbins,* 519 at 1250 (10th Cir. 2008); *Walker,* 947 F.3d at 1250 (10th Cir. 2020) (dismissing complaint against defendant who was "barely mentioned in the complaint" and instead, was "merely lump[ed]. . . in with fifteen other medical professionals under the generic label 'defendants' or 'Corizon healthcare providers'"); *see e.g. Jones,* 2013 U.S. Dist. LEXIS 139229, *80 (dismissing common law trespass claim where complaint did "not differentiate among the various defendants or attribute specific conduct to a particular defendant" and thus, did not contain sufficiently "particularized facts").

**V.**
**CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint against the Moving Defendants should be dismissed, with prejudice, as barred by the statute of limitations for personal injury. Alternatively, Plaintiff's Amended Complaint against the Moving Defendants should be dismissed for failure to state a claim for relief.

Respectfully submitted,

ATWOOD, MALONE, TURNER & SABIN, P.A.

By   **Electronically Filed January 29, 2024**
          Carla Neusch Williams
          P.O. Drawer 700
          Roswell, NM 88202-0700
          (575) 622-6221
*Attorneys for Defendants Dr. Kelly Glenn and Dr. Camille Doan*

I HEREBY CERTIFY that on January 29, 2024, I filed the foregoing instrument electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing.* I further certified that I served Plaintiff through the U.S. Mail to:
236758 Mickey Taylor
Formby Unit
998 Co. Rd. AA
Plainview, Texas 79702

*Electronically Filed on 01/29/2024*
Carla Neusch Williams, Esq.