IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR, JR.,

    Plaintiff,

v.                                                        1:20-cv-00536-DHU-JMR

TREY THOMPSON, SERGEANT
CASTANEDA, CORPORAL COX,
SERGEANT GRIFFIN, SERGEANT
RICHARD, DIVISION CAPTAIN DOE,
CITY OF CARLSBAD,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS FOR RECONSIDERATION

THIS MATTER comes before the Court on *pro se* Plaintiff's three Motions to Reconsider. Docs. 273, 287, 288. The first motion was filed on June 14, 2024, and the other two were filed on August 21, 2024. *Id.* Defendants filed responses and Plaintiff replied. Docs. 277, 278, 291, 292, 293. For the following reasons, Petitioner's three Motions to Reconsider will be **DENIED**.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been addressed at length by the Court (Docs. 253, 255) and by the parties. Therefore, the Court need not restate at length the same here. Plaintiff Mickey Ray Taylor, Jr. ("Plaintiff") is an incarcerated, *pro se* litigant. *See* Doc. 109. On June 3, 2020, Plaintiff initiated this lawsuit against two unnamed law enforcement officers and the City of Carlsbad, New Mexico. Doc. 1. Litigation in this case has been extensive. *See* Docs. 1-294.

## A. Procedural History Relating to Plaintiff's First and Second Motions to Reconsider this Court's Order (Doc. 265).

On January 24, 2024, Defendant Carlsbad Medical Center ("Defendant CMC") filed a Motion for Summary Judgment. Doc. 197. The motion was fully briefed. Docs. 220, 225. On March 27, 2024, Magistrate Judge Rozzoni issued her Proposed Findings and Recommended Disposition, wherein she determined that the Motion for Summary Judgment should be granted and that all claims against Defendant CMC be dismissed with prejudice. Doc. 253. The Magistrate Judge determined that Plaintiff's medical malpractice and deprivation of rights claims under § 1983 claims were barred by the applicable statute of limitations and Plaintiff failed to state a claim for civil conspiracy. *Id.* On April 08, 2024, Plaintiff filed his objections to the Magistrate Judge's Proposed Findings and Recommendations. Doc. 260. This Court overruled Plaintiff's objections in its Order (Doc. 265), thereby dismissing with prejudice all claims against the Defendant CMC on May 29, 2024. Doc. 265.

Also in relevant part, on January 29, 2024, Defendants Dr. Kelly Glenn and Dr. Camille Doan ("doctor Defendants"), filed a Motion to Dismiss seeking dismissal of Plaintiff's claims, in part, because they are barred by the three-year statute of limitations. Doc. 201. The Motion to Dismiss was fully briefed by the parties. Doc. 222, Doc. 227. On March 28, 2024, Magistrate Judge Rozzoni issued her Proposed Findings and Recommended Disposition, wherein she determined that the Motion to Dismiss should be granted and that all claims against the doctor Defendants be dismissed with prejudice. Doc. 255. In making this recommendation, the Magistrate Judge determined that Plaintiff's medical malpractice claim was barred by the applicable statute of limitations and Plaintiff failed to state a claim for civil conspiracy or any claim under § 1983 against the doctors. *Id.* On April 08, 2024, Plaintiff filed his objections to the Magistrate Judge's Proposed Findings and Recommendations. Doc. 260. This Court issued an Order Overruling

2

Objections and Adopting the Magistrate Judge's Proposed Findings and Recommended Dispositions thereby dismissing with prejudice all claims against the doctor Defendants on May 29, 2024. Doc. 265.

On June 14, 2024, sixteen days after this Court's Order (Doc. 265) was issued, Plaintiff filed a "Plaintiff's Response, and Motion to Reconsider, and Objections to Doc. 265, 'order overruling objection and adopting the Magistrate Judges proposed findings and recommended disposition' by Magistrate Judge Rozzoni on the City of Carlsbad set of defendants." Doc. 273. The Court interprets this as Plaintiff's First Motion to Reconsider. In his First Motion to Reconsider (Doc. 273), Plaintiff seeks reconsideration of this Court's Order and cites to Federal Rules of Civil Procedure 54(b), 59(e), and 60(b) as support. *Id.* at 4-6. On June 27, 2024, doctor Defendants and Defendant CMC responded in opposition to reconsideration. Doc. 277, Doc. 278.

On August 21, 2024, Plaintiff filed his Second Motion to Reconsider also challenging this same Court Order (Doc. 265). Doc. 287. The Second Motion does not mention the Federal Rules of Civil Procedure. *See generally id*.

**B. Procedural History Relating to Plaintiff's Third Motion to Reconsider this Court's Order (Doc. 285).**

On January 31, 2024, Defendants City of Carlsbad, Trey Thompson, Jacob Castaneda, Bryant Cox, Jason Griffin, and Richard Cage ("City Defendants") filed a Motion for Qualified Immunity and Summary Judgment. Doc. 205. The motion was fully briefed by all the parties. Docs. 238, 249, 258. On June 06, 2024, Magistrate Judge Rozzoni issued her Proposed Findings and Recommended Disposition, wherein she determined that the claims against all the City Defendants fail because the officers are entitled to qualified immunity and the City of Carlsbad cannot be held municipally liable. Doc. 271. Magistrate Judge Rozzoni also recommended that the Court dismiss any outstanding claims against any unnamed and unidentified police officers as the

deadline for Plaintiff to amend his pleadings expired on September 15, 2023. *Id.* On June 27, 2024, Plaintiff filed his objections to the Magistrate Judge's Proposed Findings and Recommendations. Doc. 274. On August 07, 2024, this Court issued an Order Overruling Objections and Adopting the Magistrate Judge's Proposed Findings and Recommended Dispositions. Doc. 285. The Order (Doc. 285) overruled Plaintiff's objections, thereby dismissing with prejudice all claims against the City Defendants. *Id.*

On August 21, 2024, fourteen days after the Order (Doc. 285) was issued, Plaintiff filed a "Plaintiff's Motion for Reconsideration on the District Court's Order Overruling Objections and Adopting the Magistrate Judge's Proposed Findings and Recommended Dispositions Doc. Filed 8/7/2024." Doc. 288. Plaintiff is asking the Court "to reconsider if and when the time is ever so proper" the adoption of the Magistrate Judge's proposed findings and recommended dispositions. *Id*. Plaintiff does not specify under which Federal Rule of Civil Procedure he is bringing this Third Motion to Reconsider. *See generally id*.

Finally, on September 16, 2024, Plaintiff filed a "Supplement to three previous Motions Requesting the Court to Reconsider & Evidentiary Proffer." Doc. 293. The Supplement does not raise additional issues other than requesting the Court's assistance in furthering "settlement matters" with all the corresponding Defendants. *Id.*

## II.
## LEGAL BACKGROUND

The Federal Rules of Civil Procedure do not mention motions for reconsideration. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Rather, a motion for reconsideration may be construed in one of three ways: "if filed within [twenty-eight][1] days of the district court's entry of judgment, it is treated as a motion to alter or

---

[1] Since *Computerized Thermal Imaging* was published in 2002, the relevant time period under Rule 59(e) has

amend the judgment under Rule 59(e); if filed more than [twenty-eight] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.* Lastly, a motion to reconsider any order that is not final is a general motion that invokes the Court's inherent authority to reopen any interlocutory matter at its discretion. *See Pedroza v. Lomas Auto Mall*, 258 F.R.D. 453, 462 (D.N.M. 2009); *see also Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")(internal citations omitted).

Neither a Rule 59 nor a Rule 60 motion allow for reconsideration to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* Therefore, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. Finally, when it comes to motions to reconsider interlocutory orders, Rule 54(b) "(i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so 'before the entry of judgment.'" *United States v. Loera*, 182 F. Supp. 3d 1173, 1206 (D.N.M. 2016), *aff'd*, 923 F.3d 907 (10th Cir. 2019) (citing Fed. R. Civ. P. 54(b)).

### III.
### DISCUSSION

In this case, Plaintiff asks this Court to address his First and Second Motion to Reconsider under all three constructions. However, he does not specify under which Federal Rule of Civil

---

changed from 10 days to 28 days.

Procedure this Court should analyze his Third Motion. Defendants respond that even if all three Motions to Reconsider are analyzed under each individual construction, Plaintiff fails to demonstrate that reconsideration is warranted. The Court now addresses the Motions to Reconsider.

### A. The Court Declines Granting Plaintiff's First and Second Motions to Reconsider the Court's Order (Doc. 265).

To begin, Plaintiff's First Motion and Second Motion do not present any intervening change in the controlling law, new evidence, or the need to correct clear error to support his requests for reconsideration. *See generally* Docs. 273, 287. Instead, Plaintiff alleges the Court is barring this proceeding against doctor Defendants and Defendant CMC because it applied "substantive due process standard" as opposed to "standards of objective reasonableness" required by the Fourth Amendment and reargues matters previously raised in his voluminous filings. Doc. 273 at 3. Even assuming that Plaintiff is asking this Court to vacate its Order (Doc. 265) to correct a "clear error or prevent manifest justice," due to the application of an incorrect standard, Plaintiff's arguments are unpersuasive and do not support reconsideration.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ryan v. Druxman*, No. CV 99-1337 JP/RLP, 2000 WL 36739723, at *1 (D.N.M. Sept. 13, 2000) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Here, there is no mistake. Plaintiff's claims of medical malpractice and deprivation of rights under § 1983 against Defendant CMC are barred by the statute of limitations. *See* Doc. 265 (adopting Doc. 253). Because the § 1983 claim is time barred, there was no need for the Court to engage in the "standards of objective reasonableness" when reviewing the excessive force claim. Moreover, Plaintiff also failed to state a claim for civil conspiracy against Defendant CMC. *Id.*

There is also no mistake that Plaintiff's medical malpractice claim against the doctor Defendants are also barred by the applicable statute of limitations. *See* Doc. 265 (adopting Doc. 255). Furthermore, Plaintiff failed to state a claim for civil conspiracy or any claim under § 1983 against the doctor Defendants. *Id*. As explained by the Magistrate Judge, "[t]he only people who can be sued under § 1983 'are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it.' *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citation, brackets, and quotations omitted)." Doc. 255 at 13-14. Here, Plaintiff failed to state a § 1983 claim against the doctor Defendants because the "doctors were not acting under 'color of any state statute, ordinance, regulation, custom, or usage.' 42 U.S.C. § 1983." *Id.* Therefore, Plaintiff's argument that the Magistrate Judge used the wrong standard is incorrect. There was no need for the Court to engage in the "standards of objective reasonableness" because the doctor Defendants cannot be sued under § 1983.

The Court also does not find manifest injustice. Although Plaintiff disagrees with the Court's decision, Plaintiff fails to demonstrate that the Court's Order is fundamentally unfair considering the governing law. *See Diaz v. King*, No. CV 14-1086 KG/SCY, 2016 WL 8924933, at *2 (D.N.M. Apr. 22, 2016) (citing *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015)). Therefore, the Court declines to grant reconsideration under Rule 59 or Rule 60. The Court also declines to grant reconsideration under Rule 54(b) finding the claims against the doctor Defendants and Defendant CMC fail.

**B. The Court Denies Granting Plaintiff's Third Motion to Reconsider the Court's Order (Doc. 285).**

In his Third Motion to Reconsider, Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence has emerged that was previously unavailable. Additionally, Plaintiff also does not argue that reconsideration is necessary to correct

7

a clear error or prevent manifest injustice. Instead, Plaintiff simply rehashes the same arguments he made in his previous motions. *See generally* Doc. 288. Even if Plaintiff is asking this Court to vacate its Order to address a "clear error or prevent manifest justice," the Court finds no such grounds.

As noted above, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Druxman*, 2000 WL 36739723, at *1 (citing *United States Gypsum Co.*, 333 U.S. 364, 395). Here, there is no mistake. The eight claims against the City Defendants fail because the officers are entitled to qualified immunity and the City of Carlsbad cannot be held municipally liable. *See* Doc. 285 (adopting Doc. 271). The Court finds no grounds in Plaintiff's Third Motion to reconsider this decision. *See Servants of the Paraclete*, 204 F.3d at 1012 (noting that a motion for reconsideration is not an appropriate vehicle to reargue an issue previously addressed by the court or to advance arguments that could have been raised in prior briefing).

Additionally, the Court does not find that manifest injustice has occurred. Although Plaintiff disagrees with the Court's decision, Plaintiff fails to demonstrate that the Court's Order is fundamentally unfair considering the governing law. *See King*, 2016 WL 8924933, at *2 (citing *Lynch*, 115 F. Supp. 3d 5, 12). Therefore, Plaintiff has failed to carry his burden of showing that a Rule 59 or Rule 60 motion is warranted under the circumstances. The Court also declines to grant reconsideration under Rule 54(b) finding the claims against the City Defendants fail.

## IV.
## CONCLUSION

For the reasons stated more fully above, the Courts denies Plaintiff's Motions for Reconsideration and finds that no outstanding claims remain in this case.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Plaintiff's First Motion for Reconsideration (Doc. 273) is DENIED.

2. Plaintiff's Second Motion for Reconsideration (Doc. 287) is DENIED.

3. Plaintiff's Third Motion for Reconsideration (Doc. 288) is DENIED.

4. All claims in the above-captioned case are **DISMISSED with prejudice** and the Court will enter a separate judgment closing the civil case.

   **SO ORDERED.**

_____
HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE