IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICKEY RAY TAYLOR, JR.,

      Plaintiff,

v.                                                                    1:20-cv-00536-DHU-JMR

TREY THOMPSON, SERGEANT
CASTANEDA, CORPORAL COX,
SERGEANT GRIFFIN, SERGEANT
RICHARD, DIVISION CAPTAIN DOE,
CITY OF CARLSBAD,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING RULE 60 MOTION, MOTION FOR RECONSIDERATION,
## AND MOTIONS REGARDING SETTLEMENT

THIS MATTER comes before the Court on four post-judgment motions by *pro se* Plaintiff.

Docs. 297, 301, 311, 316. The first motion is a Renewed Rule 60 Motion Raising New Arguments,

filed on February 21, 2025. The second, filed on April 22, 2025, is an Objection to and Motion for

Reconsideration of Magistrate Judge Rozzoni's Order denying Plaintiff's post-judgment Motion

to Request Counsel. Plaintiff also filed a Motion to Enforce Settlement Agreements on August 27,

2025, and another Motion for Order Reflecting Settlement Agreements on September 19, 2025.

Defendants filed responses to Plaintiff's Rule 60 Motion and Motion to Enforce Settlement

Agreements, and Plaintiff replied in support of the Motion to Enforce Settlement. Docs. 298, 312,

315. For the reasons stated below, Petitioner's four motions will be **DENIED**.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been addressed at length by the Court, *see* Docs. 253, 255, and

by the parties. Therefore, the Court need not restate at length the same here. Plaintiff Mickey Ray

Taylor, Jr. ("Plaintiff") is an incarcerated, *pro se* litigant. *See* Doc. 109. On June 3, 2020, Plaintiff initiated this lawsuit against two unnamed law enforcement officers and the City of Carlsbad, New Mexico. Doc. 1. Litigation in this case was extensive. *See* Docs. 1-296.

Adopting the Proposed Findings and Recommended Dispositions of Magistrate Judge Rozzoni, this Court granted motions to dismiss filed by Carlsbad Medical Center and the individual doctor Defendants, Doc. 265, and a motion for summary judgment filed by the City Defendants, Doc. 285, dismissing with prejudice the claims against these Defendants. The Court later denied multiple motions for reconsideration filed by Plaintiff and dismissed with prejudice all of Plaintiff's claims. *See* Doc. 295. Final judgment was entered on February 10, 2025. Doc. 296. Eleven days later, on February 21, 2025, Plaintiff filed a "Newly Renewed Rule 60 Motion Raising New Arguments Not Previously Raised in Past Rule 59/60 Motions," Doc. 297, the first of four post-judgment motions now before the Court.

## II.
## LEGAL BACKGROUND

The Federal Rules of Civil Procedure do not mention motions for reconsideration. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Rather, a motion for reconsideration may be construed in one of three ways: "if filed within [twenty-eight][1] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [twenty-eight] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.* Lastly, a motion to reconsider any order that is not final is a general motion that invokes the Court's inherent authority to reopen any interlocutory matter at its discretion. *See Pedroza v. Lomas Auto Mall*, 258

---

[1] Since *Computerized Thermal Imagining* was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days.

F.R.D. 453, 462 (D.N.M. 2009); *see also Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")(internal citations omitted).

Neither a Rule 59 nor a Rule 60 motion allow for reconsideration to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* Therefore, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

### III.
### DISCUSSION

As to Plaintiff's Renewed Rule 60 motion, the Court has already discussed at length the merits of Plaintiff's prior motions to reconsider. *See* Doc. 295. Plaintiff's Renewed Motion demonstrates no change in law, new evidence, or clear error causing manifest injustice since the Court's last Order that would warrant reopening this case or reconsidering any of the Court's prior rulings. Therefore, the Court denies Plaintiff's Renewed Rule 60 motion.

As to Plaintiff's other motions, this case is closed. *See* Doc. 296 (Final Judgment). Mr. Taylor's case has been fully adjudicated, and all claims have been dismissed with prejudice. Doc. 295. As a result, Plaintiff's remaining motions, Docs. 301, 311, 316, must also be denied.

### IV.
### CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Renewed Rule 60 Motion and finds that no outstanding claims remain in this case. Because the case is closed, the Court denies

3

Plaintiff's three other pending motions.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1.  Plaintiff's Newly Renewed Rule 60 Motion Raising New Arguments Not Previously Raised in Past Rule 59/60 Motions (Doc. 297) is DENIED.

2.  Plaintiff's Objection to the Honorable Magistrate Judge Rozzoni's Order Denying Motion to Request Counsel and Motion to Reconsider (Doc. 301) is DENIED.

3.  Plaintiff's Motion to Enforce Settlement Agreements (Doc. 311) is DENIED.

4.  Plaintiff's Motion for Order Reflecting Binding Settlement Agreements (Doc. 316) is DENIED.

The Court reiterates the warning by Magistrate Judge Rozzoni, *see* Doc. 300, cautioning Mr. Taylor that if he continues to file frivolous, duplicative, or otherwise improper filings in this case, the Court will consider filing restrictions or other sanctions. *See Siverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (quotations omitted).

**SO ORDERED.**

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE